IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE $139,000.00 IN INTERPLEADED FUNDS

CASE NO. 5:16-CV-05092

OPINION & ORDER

Now before the Court are Nelson-Berna Funeral Home's ("Nelson-Berna") Motion for Attorney Fees (Doc. 26) and Brief in Support (Doc. 27), Linda Saathsy's Motion to Approve Settlement and Release Funds Held in Registry (Doc. 28), A.S.'s, a minor, and L.S.'s, a minor (the "Minor Parties"), Motion to Approve Settlement (Doc. 29), and Kanlaya Lo's, Litnirah Lo's, Simmon Lo's, and Soudchai Lo's (the "Lo Parties") Motion to Approve Settlement (Doc. 30). In resolving these motions, the Court has also considered the Report of A.S.'s and L.S.'s Guardian *Ad Litem* (Doc. 31) and the guardian's Billing Summary (Doc. 32). For the reasons stated below, the Court **DEFERS RULING** on the pending motions. (Docs. 26, 28, 29, and 30).

This interpleader action was brought by The Prudential Insurance Company of America, which has since been dismissed from the case, to determine the proper beneficiary of a life insurance policy it issued to Khamhoung Lo. Mr. Lo's alleged domestic partner, Linda Saathsy, and his adult children, the Lo Parties, both claimed to be the appropriate beneficiary. Further, the Court has appointed a guardian *ad litem* to represent the interests of the Minor Parties, who are the children of Mr. Lo and Linda Saathsy. Nelson-Berna also claims a right to a portion of the insurance proceeds per an insurance assignment it entered into with Ms. Saathsy. (Doc. 1-3).

1

The insurance policy in question is governed by the Employee Retirement Income Security Act ("ERISA"), giving this Court federal question jurisdiction over the matter. 28 U.S.C. § 1331. The policy provides that when the insured does not designate a beneficiary, its benefits are payable first to a surviving spouse or domestic partner, and next to surviving children. (Doc. 1-1, p. 47). The dispute between Ms. Saathsy and the Lo Parties revolved around whether she would qualify as a domestic partner, and also whether the domestic partner clause was contrary to Arkansas public policy. The Minor Parties did not take a definitive position on the matter until their guardian *ad litem* issued his Report, wherein he expressed the opinion that Ms. Saathsy qualifies as a domestic partner, that Arkansas recognizes domestic partners, and that she is therefore entitled to recover the life insurance proceeds. (Doc. 31).

The parties have now advised the Court that they reached an agreement settling this case. They are accordingly seeking the Court's approval of their settlement, and the disbursement of the $139,000.00 in interpleaded funds (plus accumulated interest). The terms of the settlement agreement are as follows:

- Nelson-Berna Funeral Home gets $9,017.25,[1] plus attorney's fees. Counsel for Nelson-Berna, Bob Estes, lists his fee as $2,991.96.

- The Lo Parties get $25,000.00 total, to be divided equally among them.

- The Minor Parties' guardian *ad litem* gets attorney's fees. The guardian *ad litem*, Curtis Hogue, lists a fee of $3,375.00 and costs of $18.46.

- The balance of the funds are to be paid to Linda Saathsy and her attorney, Jeff. H. Watson.

---

[1] The Court has already approved of an award in this amount to Nelson-Berna. (Doc. 23).

"Normally, parties to a civil dispute can reach a money settlement among themselves, bringing a case to an end without a court's approval or intervention." *Eagan by Keith v. Jackson*, 855 F. Supp. 765, 774 (E.D. Pa. 1994). In this instance, however, the Court's authority and responsibility to review the settlement agreement comes from its "special duty . . . to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Some courts have opined that this duty emanates from Federal Rule of Civil Procedure 17(c), which provides that a district court must "appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." *See Robidoux*, 638 F.3d at 1181; *Oliva v. United States*, 2016 WL 7665536, at *2 (W.D. Mich. Dec. 22, 2016), *R & R adopted*, 2017 WL 76914 (W.D. Mich. Jan. 9, 2017); *Buchannan for T.B. v. Diversified Consultants, Inc.*, 2014 WL 3907834, at *2 (D. Colo. May 8, 2014). At least one court has disagreed with this interpretation of Rule 17(c), and has instead relied on state law and "the Court's inherent duty to protect the interests of minors . . . that come before it." *Eagan by Keith*, 855 F. Supp. at 775. Regardless of whether the Court's authority derives from Rule 17(c) or its inherent duty to protect minors who come before it, the Court is confident that the authority exists, and that it has a coordinate obligation to exercise it.

In addition to the source of this authority, the reach of the Court's authority in this arena is of some debate among federal courts. In *Robidoux*, the Ninth Circuit recognized that "[i]n the context of proposed settlements in suits involving minor plaintiffs," a court has a special duty to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." 638 F.3d at 1181. However, the *Robidoux* Court held that this duty only means ensuring that "the net recovery of each minor plaintiff under the

3

proposed settlement is fair and reasonable," *id.* at 1182, "without regard to the proportion of the total settlement value designated for adult co-plaintiffs *or plaintiffs' counsel*—whose interest the district court has no special duty to safeguard, *id.* (emphasis added). Thus, the district court erred "in rejecting the settlement on the basis that the provision of 56% of the total settlement value for attorney's fees was 'excessive,' and thus the settlement was not 'fair and reasonable' to the minor plaintiffs." *Id.* The fairness determination, per the *Robidoux* Court, "is an independent, not a comparative, inquiry," and district courts should consider the fairness of minors' recovery "in isolation." *Id.*

The Fourth and Sixth Circuits, however, have expressed a broader conception of courts' responsibilities in the context of attorney's fees and settlements involving minors. In *Dean v. Holiday Inns, Inc.*, the Sixth Circuit opined:

> The interest of an attorney seeking to be awarded a fee from the settlement proceeds effectuated for a minor must always, by the nature of the relationship and the dependency of the minor, be in tension. When a court is called upon to approve the settlement as is in the best interest of the minor, it must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise.

860 F.2d 670, 673 (6th Cir. 1988). And, relying on *Dean*, the Fourth Circuit has described "ascertaining whether attorney fee agreements involving minors or incompetents are reasonable" as being "[i]ntegral" to a court's duty "to protect those who may be especially vulnerable to manipulation or who may be unable to protect themselves." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010). Most importantly, the Eighth Circuit has expressed a broad view on courts' powers to review attorneys' fees, particularly when minors are involved. In *Little Rock School District v. Pulaski County Special School District No. 1*, the court declared as follows:

> We are mindful of the limited scope of our review. We are dealing, as before, with a settlement agreement, and such agreements are presumptively valid. Courts, however, have broad inherent supervisory powers over attorneys practicing before them. They may inquire into the fees charged by lawyers and regulate or curtail them if necessary to protect clients from imposition or to prevent otherwise unconscionable behavior. This is especially true in class actions and cases involving plaintiffs who are minors.

921 F.2d 1371, 1391 (8th Cir. 1990) (internal citation omitted).

Given that at least three circuit courts, including most importantly the Eighth Circuit, have held that the scope of a court's authority to review the reasonableness of attorneys' fees is broad when minors are involved, the Court is confident it has the authority—and the obligation—to do so in this case, *Robidoux* notwithstanding. Furthermore, the Court believes that circumstances unique to this case make that obligation particularly pressing. The parties' settlement agreement does not allocate any portion of the insurance proceeds to the Minor Parties. Instead, their guardian *ad litem* has taken the position that the Minor Parties' mother, Ms. Saathsy, would most likely prevail on the merits, and that settling the matter with the Lo Parties is a reasonable compromise to end the litigation before further legal costs are incurred. Because the Minor Parties are in the care and custody of Ms. Saathsy, and because she is most likely to prevail on the merits, the guardian *ad litem* suggests they will "reap the benefits of monies recovered" by Ms. Saathsy. (Doc. 31, ¶ 9). In other words, the Minor Parties' benefit in this settlement agreement is directly tied to Ms. Saathsy's recovery. The attorneys' fees in this case, per the settlement agreement, will be subtracted directly from Ms. Saathsy's portion of the proceeds. Therefore, the Minor Parties' interests will be directly infringed upon if the attorneys are permitted to recover fees in unreasonable amounts.

That justification for the Court's exercise of authority having been stated, the Court will now make the following observations about this settlement agreement. First, the Court believes that it is possible for a settlement agreement in which the Minor Parties do not recover a direct financial benefit to nonetheless be in their best interests. If this case proceeds to the dispositive motion stage (or beyond), the amount of attorneys' fees will increase substantially, depleting the value of the life insurance benefit by an equivalent amount. There is tangible value to the Minor Parties in avoiding that result, particularly when their mother (whose care they are in) will recover the lion's share of the proceeds. However, the Court cannot make a determination as to whether the settlement agreement is in the Minor Parties' best interest without first knowing the details of Ms. Saathsy's agreement with her attorney. At the least, the Court has an obligation to ensure that her attorney's fees are reasonable, else they unduly infringe upon the Minor Parties' interests. Moreover, if their agreement is contingent upon the size of *her* recovery, then even if the contingency fee is reasonable in isolation, it may alter the calculus of whether the settlement agreement is in the Minor Parties' best interests.

To elaborate on this latter point, the Court has expressed some concern that the settlement agreement does not give the Minor Parties the same recovery as the Lo Parties, even though their claims to the insurance proceeds are equal in strength. The value to the Minor Parties of obtaining a direct recovery, however, may very well be outweighed by other interests, such as maximizing their mother's recovery, and avoiding any costs that may be incident to maintaining two (relatively) low-value trust accounts. But this is a decision the Court cannot make without accessing Ms. Saathsy's agreement with her attorney. Accordingly, the Court **ORDERS** counsel for Ms. Saathsy to produce

to the Court a billing summary, or a contingency agreement, as applicable. The document should be filed on the record, and may be filed under seal, if necessary.

Second, the fee award sought by counsel for Nelson-Berna is not reasonable. Nelson-Berna was a party to this suit only to recover a debt of $9,017.25. At least by the time of the case management hearing on August 8, 2016, if not sooner, the parties were in agreement that Nelson-Berna was entitled to this amount. Thus, the Court on August 17, 2016 ordered that Nelson-Berna recover $9,017.75 and be dismissed without prejudice. (Doc. 23). Given the minimal amount of work Nelson-Berna's counsel had to do to effect his client's recovery, the elementary nature of the case, and the (relatively) small sum in dispute, a fee of $2,991.96—nearly 33% of the total at issue—is unreasonable. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). From the Court's experience, the local rate awarded for the recovery of small uncontested debts is typically no more than 15% of the sum recovered. Accordingly, if the Court eventually expresses final approval of the settlement agreement, it will award Nelson-Berna an attorney fee of no more than $1,352.66—which is 15% of $9,017.75.[2]

For these reasons, the Court must **DEFER RULING** on the pending motions until Ms. Saathsy and her attorney produce their agreement. That agreement must be produced within **7 DAYS** from the entry of this Order.

**IT IS SO ORDERED** on this 22nd day of February, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] This amount pertains to what Nelson-Berna's attorney, Mr. Estes, may be able to recover from the interpleaded funds. The Court expresses no opinion on whether it may be reasonable for him to seek additional payment from his client, as that matter has no impact on the Minor Parties' interests.

7